IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARNELL W. MOON,                          )
Former No. 34077-044,[1]                  )
                                          )
        Plaintiff,                )
                                          )
  vs.                                    )   Case No. 15-cv-00921-SMY
                                          )
E. GARCIA,                                )
M. STEINMETZ,                             )
C/O MASSEY,                               )
C/O GRUBBER,                              )
HENRY RIVAS,                              )
STEVEN CARDONA,                           )
DAN SPROUL, and                           )
CALVIN JOHNSON,                           )
                                          )
        Defendants.               )

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Darnell W. Moon currently resides in Cape Girardeau, Missouri, but was previously incarcerated at the United States Penitentiary at Marion, Illinois ("Marion"). Proceeding *pro se*, Moon has filed a *Bivens* action pursuant to 42 U.S.C. § 1331, alleging that his constitutional rights were violated while he was incarcerated at Marion. Moon, who is a Muslim, alleges that prison officials, essentially, attempted to "divide and conquer" the Muslim inmates in the communications management unit ("CMU"), and otherwise interfere with his ability to practice his religion. Moon seeks declaratory relief, as well as compensatory and punitive damages.

---

[1] Plaintiff's prison identification number is included for reference, since all claims pertain to when he was incarcerated at U.S.P.-Marion.

Moon seeks leave to proceed as a pauper (Doc. 2). The complaint is now before the Court for review in accordance with 28 U.S.C. § 1915(e)(2), which provides that "at any time" a court can deny a qualified plaintiff leave to proceed as a pauper, or can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B).

An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026–27 (7th Cir. 2000). At this juncture, the factual allegations of the *pro se* pleading are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

According to the complaint, Moon was confined at the United States Penitentiary at Marion, Illinois, from January 2012 to December 2013. Six months after his arrival at Marion, Moon became a Muslim and began associating with the other Muslims in the CMU.

In January 2013, Captain Garcia, Intelligence Research Specialist Rivas and Unit Manager Cardona "hatched a plan" to disrupt the authorized religious activities of the Muslims in the CMU. That plan was further approved by Assistant Wardens Sproul and Johnson. Those five officials subsequently recruited and incentivized Muslims to "spy" on other Muslims.

According to Plaintiff, the group of Muslims became splintered. Inmates who wanted to

teach others Arabic did not do so. Older Muslims refused to speak to Plaintiff. Two Muslim inmates were sent to the Special Housing Unit ("SHU") based solely on rumors spread by Garcia, Rivas, Cardona, Sproul and Johnson. Rivas even succeeded in having one inmate attack another.

Plaintiff began attending daily religious "classes" presented by an inmate. C/O Massey and C/O Grubber would come by the cell where the inmates were gathered and threaten Plaintiff and the others with being sent to segregation if the classes did not stop. C/O Massey stated, "I don't know what you did to Rivas, Cardona, and Garcia, but they are trying to get you out of general population." He further stated that Rivas, Cardona and Garcia had "put them up to" confiscating religious materials to justify placing the inmates in segregation. Subsequently, the inmate instructor was assaulted and placed in segregation, while the assailant was left in general population.

In August 2013, Plaintiff observed Special Investigative Supervisor Steinmetz and C/O Massey taking religious items out of an inmate's locker. Plaintiff questioned why the officials were taking the religious items and Steinmetz replied that Cardona and Rivas had instructed them to do so. After further inquiry, Grubber and Massey stated that Cardona, Rivas *and* Garcia had told Steinmetz to confiscate the religious materials from the locker. A similar incident occurred with Plaintiff—as Massey and Grubber were making their rounds, Grubber went into Plaintiff's locker and confiscated Plaintiff's religious materials. Grubber denied the incident. Grubber and Massey then told Plaintiff to calm down and stop acting "like a radical."

Plaintiff was later attacked by another Muslim inmate, without provocation. Plaintiff learned that Johnson, Sproul, Cardona, Rivas and Garcia had told the inmate to attack Plaintiff. Plaintiff was charged with fighting and sent to the SHU, along with his attacker. However, the

attacker was released from the SHU.  Plaintiff stayed in the SHU for three months, unable to participate in religious activities or utilize his religious materials.

Plaintiff alleges that Garcia, Cardona, Rivas, Sproul, Johnson, Massey and Grubber interfered with the free exercise of his religion.  He further contends that Steinmetz, Cardona, Rivas, Sproul, Johnson, Garcia, Massey and Grubber denied him the equal protection of the law by what they did to Plaintiff and the other Muslim inmates.  It is more broadly alleged that all eight defendant prison officials denied Plaintiff substantive due process and intentionally inflicted emotional distress upon him.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into the following counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

**Count 1:** **Defendants Garcia, Cardona, Rivas, Sproul, Johnson, Massey and Grubber interfered with Plaintiff's free exercise of religion, in violation of the First Amendment;**

**Count 2:** **Defendants Steinmetz, Cardona, Rivas, Sproul, Johnson, Garcia, Massey and Grubber denied him the equal protection of the law, in violation of the Fourteenth Amendment;**

**Count 3:** **Defendants denied Plaintiff substantive due process in violation of the Fifth Amendment; and**

**Count 4:** **Defendants intentionally inflicted emotional distress upon Plaintiff in violation of Illinois law.**

Although the complaint also suggests an Eighth Amendment claim relative to the allegation that Sproul, Johnson, Cardona, Rivas and Garcia were behind Plaintiff being physically attacked, because Plaintiff has otherwise been so specific in listing his intended claims, no Eighth Amendment claim has been recognized.  The Court will presume that Plaintiff

perceives that such a claim would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) (barring a Section 1983 damages claim that would call into question the validity of a conviction until the underlying conviction is otherwise upset).

Counts 1-4 state colorable claims that cannot be dismissed at this early juncture.

**IT IS HEREBY ORDERED** that **COUNTS 1-4** against Defendants **E. GARCIA, M. STEINMETZ, C/O MASSEY, C/O GRUBBER, HENRY RIVAS, STEVEN CARDONADAN SPROUL AND CALVIN JOHNSON** shall **PROCEED**.

Although the complaint has survived preliminary review, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) will be addressed by separate order.

The Clerk of Court shall prepare for Defendants **E. GARCIA, M. STEINMETZ, C/O MASSEY, C/O GRUBBER, HENRY RIVAS, STEVEN CARDONADAN SPROUL AND CALVIN JOHNSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. Consequently, Plaintiff's motion for service of process at government expense (Doc. 3) is **DENIED as moot**.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending

the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a

stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 25, 2015**

s/ STACI M. YANDLE
**United States District Judge**